UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN M. GILLISPIE, | ) | CASE NO. 1:22-cv-492 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| THE GEORGIA INSTITUTE | ) | |
| OF TECHNOLOGY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* plaintiff Jonathan M. Gillispie filed this *in forma pauperis* action against the Georgia Institute of Technology ("Georgia Tech"). (Doc. No. 1.) In the civil cover sheet attached to the complaint, Plaintiff lists a cause of action as "no scholarship consideration" and "discrimination against students with dependency overrides," and he identifies "28—venue generally" as the basis of the Court's jurisdiction. For the following reasons, this case is dismissed pursuant to 28 U.S.C. §1915(e).

**I. Background**

On January 6, 2022, Plaintiff filed an action against Georgia Tech in which he alleged that he applied to Georgia Tech in 2019 but was not accepted immediately and, when accepted, he was not offered a scholarship or in-state tuition. *See Gillispie v. Georgia Inst. of Technology*, No. 1:22 CV 0025, 2022 U.S. Dist. LEXIS 51389, at *1 (N.D. Ohio Mar. 22, 2022). In that action, Plaintiff did not specify a cause of action but indicated that he is entitled to relief under 18 U.S.C. § 2255, and he sought $75,000.00 in damages against the Georgia Tech for refusing to give him financial support to attend classes there. *Id.* On March 22, 2022, the Court found that Plaintiff failed to identify a viable cause of action and dismissed Plaintiff's complaint pursuant to

28 U.S.C. §1915(e). *Id.* at *4-5.

One week later, on March 29, 2022, Plaintiff filed another complaint against Georgia Tech (Doc. No. 1), which is presently before this Court. This present action appears to be a continuation of the prior action. Plaintiff does not identify a cause of action within the body of this new complaint nor does he state a proper basis for this Court's federal jurisdiction. Rather, Plaintiff lists "discrimination against students with dependency overrides" as a cause of action on the cover sheet attached to the complaint. (*See* Doc. No. 1-1). Plaintiff states that this action "is related to a case that was dismissed," and Plaintiff is apparently filing this new action because he "forgot to include additional evidence" concerning the defendant's consideration of dependency overrides. (Doc. No. 1 at 2). The remainder of the complaint appears to be a criticism of Georgia Tech's handling of dependency overrides after scholarship deadlines. (*See id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Plaintiff's present action is duplicative of his prior action and is therefore barred by res judicata. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain

each action.

Here, both requirements are met. This is Plaintiff's second case filed in this Court asserting the same claims against the same defendant pertaining to the same incident. He is therefore barred by the doctrine of res judicata from litigating this action again.

Even if Plaintiff's claims were not barred by res judicata, his complaint would still be subject to dismissal under § 1915(e). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to assert a discernable claim based on recognized legal authority, and he fails to state a legal cause of action within the jurisdiction of this Court. Although Plaintiff states in his civil cover sheet "discrimination against students with dependency overrides," this statement is nothing more than a "defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Moreover, as Plaintiff fails to cite to any specific legal authority, the Court and the defendants are left to guess at what the Plaintiff's claim is and what are the grounds upon which it rests. Plaintiff's complaint therefore does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and must be dismissed. *See Twombly*, 550 U.S. at 555; *Hall v. ECDI*, No. 1:13 CV 1793, 2013 U.S. Dist. LEXIS 155607, at *3 (N.D. Ohio Oct. 30, 2013) (Plaintiff's failure to cite a specific provision of the Truth in Lending Act

that Defendant allegedly violated did not provide the defendant fair notice of Plaintiff's claim and therefore failed to meet Rule 8 requirements).

## IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 26, 2022

_____
BRIDGET M. BRENNAN
U. S. DISTRICT JUDGE